MARVIN L. AND KATHLEEN McKINNEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McKinney v. Commissioner
Docket No. 42449-84.
United States Tax Court
T.C. Memo 1987-393; 1987 Tax Ct. Memo LEXIS 390; 54 T.C.M. (CCH) 103; T.C.M. (RIA) 87393; August 11, 1987. Marvin L. McKinney, pro se. Matthew A. Lykken, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: In his notice of deficiency dated October 3, 1984, respondent determined a deficiency in income tax due from petitioners in the amount of $ 946 for the taxable year 1981, based upon wages totaling $ 5,878 from various employers, which petitioners had failed to report on their original return. Petitioners do not contest that they failed to report $ 5,878 in wage income on their original return. However, on or about February 6, 1984, [1] petitioners filed an amended return, Form 1040X, for 1981 and claimed a refund, which respondent disallowed. On the amended return petitioners increased taxable income by $ 5,878, but claimed a short-term *391 capital loss of $ 3,000, moving expenses of $ 583.24, and a child care credit of $ 256. We must decide whether petitioners are entitled to the amounts claimed on the amended return. Petitioners resided at Houston, TX., when they filed their petition in this case. In 1980 petitioners ran a day-care center in Oklahoma City, OK., doing business as "Today's Child." In August and October of 1980 petitioners paid amounts totaling $ 5,520 [2] to a builder, Ben McNeill of Capital Funding, Inc., as the downpayment on some rental duplexes to be built for petitioners. In December 1980 petitioners discovered the builder was moving out of his office. The duplexes were never built. In 1981 Security National Bank and Trust Company sued Capital Funding, petitioners, and others, and petitioners sued McNeill and others as third-party defendants, in connection *392 with the builder's default. The suit was settled on February 4, 1982, with judgment for petitioners in the amount of $ 4,520 plus $ 1,200 attorney fees. The bank's suit against petitioners was dismissed. Unfortunately, the judgment awarded to petitioners was never paid. Petitioners seek to claim a short-term capital loss of $ 3,000 in connection with the builder's default. Alternatively, petitioners claim a bad-debt loss. Regardless of the merits and nature of petitioners' claim, their loss did not occur in 1981, the year in issue. They discovered the default in 1980 and won a judgment in 1982 which was subsequently not paid. Petitioners' loss is not allowable in 1981. Petitioners sold Today's Child in 1981 and filed for bankruptcy. When Mr. McKinney's job at the telephone company in Oklahoma City, OK., was downgraded, he resigned and moved with his family to Houston, TX., in August 1981. Mrs. McKinney obtained work within a week, but Mr. McKinney did not find a job until October. Neither petitioner had a position when they moved to Houston, TX., but believed they would have more opportunity there than in Oklahoma City, OK. Petitioners seek to deduct $ 583.24 as *393 moving expenses in 1981. Section 217 [3] provides a deduction for moving expenses paid or incurred during the taxable year. Section 217(c) provides that this deduction shall not be allowed unless the taxpayer is employed full-time for at least 39 weeks during the 12-month period immediately following the move. We need not speculate as to whether any of this amount can properly be deducted as moving or job hunting expenses, because petitioners unfortunately have no records to substantiate that any expenses were actually paid. Petitioners bear the burden of proving respondent's determination as incorrect. Rule 142(a). Petitioners have moved frequently since 1981 and no longer have records. While we sympathize with their predicament, we are required to find that they have not met their burden of proof and are thus not entitled to the deduction claimed. Finally, petitioners claim a child care credit of $ 256. Section 44A, as in effect in 1981, provided *394 a credit in the amount of 20 percent of qualifying child-care expenses. Mr. McKinney could not testify how much was spent for child care or the dates it was paid, nor did he present any cancelled checks, receipts, or other documentary evidence. Again, petitioners have not met their burden of proof and we must disallow the claim. Decision will be entered for the respondent.
Footnotes
1. The amended return is dated January 11, 1984, and stamped "received" by the Internal Revenue Service Center in Austin, TX., February 6, 1984. ↩
2. Of this amount, $ 700 is drawn on checks indicating Today's Child as the source. Because of our holding, we need not decide whether this amount is deductible by petitioners. ↩
3. Unless otherwise indicated all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩